IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 24, 2024

## DONALD DOUGLAS WRIGHT v. ANGEL SIMS WRIGHT

**Appeal from the Circuit Court for Davidson County
No. 16D992   Phillip R. Robinson, Judge**

_____

### No. M2023-01134-COA-R3-CV

_____

In this post-divorce dispute over child support, the mother has appealed an order striking her pleadings and granting the father a default judgment as to his counter-petition. Because the order appealed does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Angel Sims Wright, Nashville, Tennessee, pro se.

Carolanne Ross King, Nashville, Tennessee, for the appellee, Donald Douglas Wright.

**MEMORANDUM OPINION**[1]

Donald Douglas Wright ("Father") and Angel Sims Wright ("Mother") were divorced in 2018. The parenting plan approved by the trial court and incorporated into the final decree required Father to pay Mother $1490.00 in child support for the parties' two children.  On January 24, 2023, Mother filed a Petition for Modification seeking an increase in the amount of Father's child support obligation and payment of certain education expenses. Father filed a counter-petition seeking to terminate his support obligation for the parties' oldest child, who had reached the age of eighteen and graduated from high school, and recalculation of his support obligation for the younger child based on the parties' 2022 income.

The trial court entered a Scheduling Order requiring all written discovery to be exchanged by April 27, 2023. On May 4, 2023, Father filed a motion to compel asserting

_____

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

that Mother had failed to respond to his discovery requests. On June 6, 2023, the trial court found that Mother had provided deficient responses to certain interrogatories and requests for production of documents and ordered Mother to provide complete responses by June 20, 2023. On June 21, 2023, Father filed a Motion for Sanctions, asserting that Mother had failed to comply with the June 6, 2023 order.

On July 12, 2023, the trial court determined that Mother had not complied with the June 6, 2023 order. The trial court struck Mother's pleadings, granted Father a default judgment on his counter-petition, and awarded Father his reasonable attorney's fees. The order did not determine the amount of Father's child support obligation or the amount of attorney's fees to be awarded. Rather, the order directed Father's counsel to file an attorney's fee affidavit and provided that "[a]ll other matters are hereby reserved." Mother filed a notice of appeal with the clerk of this Court on August 9, 2023.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

After reviewing the record on appeal, this Court determined that the July 12, 2023 order was not a final judgment because it did not address the amount of Father's child support obligation or the amount of attorney's fees to be awarded to Father. On April 18, 2024, we ordered Mother either to obtain a final judgment resolving the remaining issues within ninety days or else to show cause why her appeal should not be dismissed. Although more than ninety days have now passed, Mother has not responded to the show cause order, and the trial court clerk has notified the Court that the trial court has still not entered a final judgment.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. Mother is taxed with the costs for which execution may issue.

PER CURIAM